**Laureano B. SABADO, Sr., Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 90–3106.

United States Court of Appeals, Federal Circuit.

June 12, 1990.

Laureano B. Sabado, Sr., Aiea, Hawaii, pro se.

Paul D. Langer, Dept. of Justice, Washington, D.C., for respondent.

Before NEWMAN, Circuit Judge, MILLER, Senior Circuit Judge, and MUECKE, Senior District Judge.*

JACK R. MILLER, Senior Circuit Judge.

Petitioner, Laureano B. Sabado, Sr., in behalf of his deceased father, Marcelo A. Sabado, claims entitlement to disability benefits under the Civil Service Retirement System based on damage to his right eye, allegedly having been exposed to chemically-laden dust without benefit of eye protectors during his employment with the United States Navy at the Naval Supply Depot, Pearl Harbor, Hawaii, from March 3, 1947 to November 15, 1948. The Agency, Office of Personnel Management (OPM), denied the claim on the basis that Marcelo A. Sabado did not have five years of creditable civilian service with the United States Government, as required by the Civil Service Retirement Act. 5 U.S.C. §§ 8333(a), 8333(b), 8337(a), and 8338(a). Petitioner's request for reconsideration was denied by the full Board.

* Senior District Judge C.A. Muecke, United States District Court for the District of Arizona, sitting by designation.

On this appeal, petitioner cites no authority for providing benefits to individuals who have served fewer than five years. OPM takes note of petitioner's allegation that eye damage was why he was unable to continue his employment but emphasizes that petitioner's employment was actually terminated because of a reduction in force and curtailment of funds. The Administrative Judge in her opinion and Initial Decision was stronger:

The appellant argues, however, that he should receive an annuity because (1) he was totally and permanently disabled as a direct result of his employment with the United States Government; and (2) he would have completed at least five years of civilian service, and done what was necessary to remedy his eye problems, if he had not been discharged by the Navy in 1948....

I find this argument meritless. The Board has no authority under any law, rule, or regulation to waive substantive CSRS entitlement requirements and award an annuity on the essentially equitable grounds advanced by the appellant....

We strongly agree and *affirm*.

AFFIRMED.