925 F.2d 1479
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mariano A. ARENAL, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3372.
 United States Court of Appeals, Federal Circuit.
 Jan. 14, 1991.
 
 Before PAULINE NEWMAN, LOURIE and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Mariano A. Arenal appeals from the decision of the Merit Systems Protection Board (Board), Docket No. SE08318910592. The Board held that Mr. Arenal was not entitled to an annuity under the Civil Service Retirement Act (CSRA) because he had not performed five years of qualified civilian service with the United States Government as required by 5 U.S.C. Sec. 8333. We affirm.
 
 OPINION
 
 2
 The Office of Personnel Management (OPM) found that Mr. Arenal's employment as a Navy Department laborer at the Cavite Navy Yard, in the Philippines, from October 20, 1941 through December 8, 1945, a period of 4 years, 1 month, and 18 days, was creditable service under the CSRA. The Board further determined, reversing OPM, that petitioner's additional service as a carpenter for the Department of the Navy, Public Works Department in the Philippines from May 29 to July 11, 1946, a period of 1 month and 12 days, was also creditable service. However, the Board agreed with OPM that Mr. Arenal's service as a rigger for Philippine Consolidated Shipyards (PCS) from June 11, 1947 to June 17, 1948, 1 year and 6 days, was not creditable under the CSRA. According to the Board, Mr. Arenal did not carry his burden of establishing by a preponderance of the evidence that, as to his employment with PCS, he was an "employee" of the United States within the meaning of 5 U.S.C. Secs. 8331(1) and 2105(a).
 
 
 3
 To be entitled to an annuity under the CSRA, Mr. Arenal must have completed five years of creditable service. 5 U.S.C. Sec. 8333(a); Sabado v. OPM, 905 F.2d 387, 388 (Fed.Cir.1990). A federal employee must be appointed in the civil service by a qualified official. 5 U.S.C. Sec. 2105(a). There must be a significant degree of formality surrounding the appointment. Horner v. Acosta, 803 F.2d 687, 692-93 (Fed.Cir.1986). An official appointment form or other documentary evidence is generally required to prove such appointment. Id.; Goutos v. United States, 552 F.2d 922, 924 (Ct.Cl.1976). The burden of proving his appointment is on the petitioner. See Cheeseman v. OPM, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 4
 Mr. Arenal stated that his employment at PCS was "certified" by a certain R.W. Armstrong, Assistant Personnel Manager. However, the evidence provided by Mr. Arenal does not show any appointment in the United States civil service. On these facts, the Board's decision was not contrary to law, arbitrary, capricious, procedurally deficient, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c). Mr. Arenal's showing that PCS was not registered to do business in the Philippines at the relevant time does not cure the deficiency of proof. See Baker v. United States, 614 F.2d 263, 266 (Ct.Cl.1980) (absent a federal appointment, it is unnecessary to consider the other requirements of 5 U.S.C. Sec. 2105(a)).