965 F.2d 1064
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Dominador R. RANCHEZ, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3102.
 United States Court of Appeals, Federal Circuit.
 April 20, 1992.
 
 Before NIES, Chief Judge, ARCHER and MAYER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Dominador R. Ranchez petitions for review of a decision of the Merit Systems Protection Board, Docket No. SE08319110175, affirming a reconsideration decision of the Office of Personnel Management (OPM) that Ranchez was not entitled to a civil service disability annuity. We affirm.
 
 DISCUSSION
 
 2
 Ranchez was a civilian employee with the United States Army from December 1947 to April 1948. Ranchez alleged that he suffered a permanent eye injury while working for the U.S. Army Motor Pool in 1948. Ranchez applied to OPM for a deferred civil service disability annuity on March 27, 1988 based upon his injury. OPM, on reconsideration, denied Ranchez's application because he lacked the five years of credible service required for civil service disability retirement benefits. The Board affirmed OPM's decision because Ranchez had not presented any evidence that he had five years of civilian service pursuant to 5 U.S.C. § 8337(a).
 
 
 3
 We review the Board's decision under a very narrow standard, affirming the decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). To be eligible for disability benefits under the Civil Service Retirement Act an employee must have five years of creditable civilian service with the United States Government. Sabado v. Office of Personnel Management, 905 F.2d 387 (Fed.Cir.1990); 5 U.S.C. §§ 8333(a), 8333(b), 8337(a), and 8338(a).
 
 
 4
 The Board determined that Ranchez had served only four months in the civilian service. Ranchez has not shown otherwise. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987) (employee has burden to establish entitlement to benefits). Accordingly, we determine that the Board's decision was not arbitrary or capricious, was supported by substantial evidence, and was issued in accordance with applicable provisions of the law.