17 F.3d 1442
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Felino R. IGNACIO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3504.
 United States Court of Appeals, Federal Circuit.
 Jan. 10, 1994.
 
 Before RICH, PLAGER, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Felino R. Ignacio appeals the decision of the Merit Systems Protection Board (MSPB)[1] affirming the Office of Personnel Management's (OPM) reconsideration decision which denied petitioner's application for a deferred annuity. We affirm.
 
 BACKGROUND
 
 2
 Petitioner performed two periods of service for the U.S. government as a civilian employee in the Philippines. The first period lasted from May 22, 1945 until he resigned on June 24, 1949. During this time petitioner worked for the War Department. The second period lasted from May 24, 1951 until he retired on April 30, 1970. In his second period of service petitioner's position was initially a temporary appointment with the Navy Department, but on August 23, 1951 the position was converted to an excepted indefinite appointment.
 
 
 3
 Based on these two periods of service petitioner applied for a deferred annuity under the Civil Service Retirement System (CSRS). In response to petitioner's application, which was received on July 14, 1992, OPM issued an initial decision dated October 4, 1992 denying petitioner's application because neither of his positions were subject to the relevant retirement act in effect at the time of his separations. Petitioner sought OPM reconsideration of this decision, but on February 18, 1993, OPM reaffirmed its earlier decision.
 
 
 4
 Petitioner appealed this decision to the MSPB. He did not dispute any of OPM's findings, but instead argued that equitable considerations, such as the length of his service, entitled him to a deferred annuity. In an initial decision dated June 17, 1993, which affirmed OPM's reconsideration decision, the AJ found that petitioner had not met his burden of showing he was entitled to an annuity based on his two periods of service. Specifically, the AJ found that his first period of service did not meet the requisite five years of service, and that the second period of service, although over five years in length, was at no time a position covered under the relevant retirement act.
 
 
 5
 This initial decision became the final decision of the MSPB on July 22, 1993 when petitioner failed to file a petition for review as of that date. Petitioner appeals this decision to our court.
 
 DISCUSSION
 
 6
 To be eligible for an annuity under the Civil Service Retirement Act (CSRA) (1) the employee must have completed at least five years of civilian service; and (2) within the last two years before any separation from service the employee must have completed at least one year of covered service. 5 U.S.C. Sec. 8333 (1988). The burden is on the employee to show he is entitled to the annuity. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986).
 
 
 7
 The undisputed facts indicate that petitioner's first period of service did not last the requisite five years. Therefore, this period of service does not entitle him to an annuity under the CSRA.[2]
 
 
 8
 Although petitioner's second period of civilian service lasted more than five years, the so-called "one-out-of-two" requirement must also be satisfied. Herrera v. U.S., 849 F.2d 1416, 1417 (Fed.Cir.1988). The AJ found, and petitioner apparently does not dispute, that petitioner's second position was originally a temporary appointment which was converted into an excepted indefinite appointment until his retirement in 1970. These types of appointments, which petitioner held during the entire second period of service, were not considered covered services under the relevant retirement act in effect at the time of his separation. Moreover, the AJ noted that all the documentation stated that petitioner's position was not covered under the relevant retirement act.
 
 
 9
 Petitioner's only argument is that the length of his service entitles him to an annuity under the CSRA. This court, however, has stated, in response to other equitable arguments, that the MSPB "has no authority under any law, rule, or regulation to waive substantive CSRS entitlement requirements and award an annuity on the essentially equitable grounds advanced by the appellant." Sabado v. Office of Personnel Management, 905 F.2d 387, 388 (Fed.Cir.1990).
 
 
 10
 For these reasons, under the limited standard of review in 5 U.S.C. Sec. 7703(c) (1988) which we are bound to apply, we affirm.
 
 
 
 [1]
 The Administrative Judge's (AJ) initial decision dated June 17, 1993, Docket Number SE-0831-93-0212-I-1, became the final decision of the MSPB on July 22, 1993 when petitioner failed to file a petition for review
 
 
 [2]
 Because we find that the five-year service requirement is not satisfied it is unnecessary to consider the eligibility requirements at the time of the first separation in June 1949. The last sentence of 5 U.S.C. Sec. 8333(b) only requires that we examine the eligibility requirements at the time of the prior separation if the applicant fails to meet the covered service requirement. See Sabado v. Office of Personnel Management, 905 F.2d 387 (Fed.Cir.1990)