19 F.3d 41
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Guillermo B. HUBBARD, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3053.
 United States Court of Appeals, Federal Circuit.
 Feb. 22, 1994.
 
 MSPB
 AFFIRMED.
 Before RICH, NEWMAN, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Guillermo B. Hubbard petitions for review of the October 12, 1993 initial decision of the Administrative Judge (AJ) in Merit Systems Protection Board (Board) Docket No. SF0831930646-I-1. The AJ's decision affirmed the reconsideration decision of the Office of Personnel Management (OPM) in which OPM partially rejected Mr. Hubbard's application for a retirement annuity under the Civil Service Retirement Act (CSRA). The AJ's decision became final on November 16, 1993. We affirm.
 
 DISCUSSION
 
 2
 Mr. Hubbard was employed with the United States Army from June 20, 1945, through June 20, 1946, and from September 2, 1947, through August 7, 1952. Subsequently, he held a series of appointments with the United States Navy between January 4, 1954, and September 14, 1979. On November 17, 1987, Mr. Hubbard sought deferred retirement annuity benefits under the CSRA based upon his federal service. Following an initial complete denial of retirement benefits, OPM reconsidered and granted Mr. Hubbard benefits under the CSRA for the periods June 20, 1945, through June 20, 1946, and September 2, 1947, through August 7, 1952. However, OPM denied Mr. Hubbard's request for benefits corresponding to his period of federal service between January 4, 1954, and September 14, 1979, on the ground that such service was non-permanent, indefinite service excluded from CSRA coverage. Mr. Hubbard contests OPM's denial of benefits and the AJ's affirmance thereof.
 
 
 3
 This court's standard of review of Board decisions is narrowly defined by statute. We must affirm unless the Board's decision is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); Cleland v. Office of Personnel Management, 984 F.2d 1193, 1194 (Fed.Cir.1993).
 
 
 4
 In her initial decision affirming OPM's partial denial of benefits, the AJ correctly set forth the statutory criteria for retirement annuity eligibility under the CSRA. Specifically, an applicant who claims entitlement to statutory benefits bears the burden of proof by preponderant evidence. See Huskey v. Office of Personnel Management, 27 M.S.P.R. 363, 365 (1985), aff'd, 790 F.2d 92 (Fed.Cir.1986); 5 U.S.C. Sec. 7701(c)(1)(B) (1988). To satisfy the burden of proof, the applicant must present evidence proving that he completed five years of "creditable" civilian service and that he served at least one of his last two years of federal service in a position qualifying as "covered" service. 5 U.S.C. Secs. 8333(a)-(b), 8338(a). Although most government service is "creditable," not all creditable service is "covered." Herrera v. United States, 849 F.2d 1416, 1417 (Fed.Cir.1988). Rather, covered service includes only those federal employees who are subject to the CSRA and who must deposit a portion of their pay into the civil service retirement fund. See Noveloso v. Office of Personnel Management, 45 M.S.P.R. 321, 323 (1990). In particular, non-permanent, indefinite, or temporary positions are not covered service and, consequently, such positions are excluded from coverage under the CSRA. 5 U.S.C. Sec. 8347(g); Herrera, 849 F.2d at 1417.
 
 
 5
 Using the above criteria, the AJ found that, although Mr. Hubbard had completed more than five years of creditable service, his service from January 4, 1954, through September 14, 1979, was not covered, and thus did not give rise to CSRA retirement benefits. We understand Mr. Hubbard to contend that the AJ's decision is not supported by substantial evidence because, in deciding that he did not satisfy the covered service requirement, the AJ allegedly failed to consider two of Mr. Hubbard's appointments as a foreman: one from September 1, 1968, through December 12, 1976, and the other from December 13, 1976, through September 14, 1979. This contention is without merit. Although the AJ did not explicitly refer to the two foreman appointments noted by Mr. Hubbard, she acknowledged that Mr. Hubbard "held a series of appointments ... from June 20, 1945, through September 14, 1979," and that he was "promoted and reassigned to other temporary positions between January 2, 1956, and September 14, 1979." Because the two terms of appointment noted by Mr. Hubbard fall within the dates of employment acknowledged by the AJ, it is reasonable to conclude that she considered the two foreman appointments in deciding that Mr. Hubbard had not satisfied the covered service criterion. Moreover, Mr. Hubbard has not presented any evidence that either of the two foreman positions would qualify as covered service. Consequently, Mr. Hubbard has failed to show that the AJ's decision was not supported by substantial evidence.
 
 
 6
 Mr. Hubbard contends further that his current pension should be upgraded to meet the present high cost of living. Although we are sympathetic to Mr. Hubbard's situation, we note that this court, the Board, and OPM are powerless to grant retirement benefits under the CSRA where the entitlement criteria are not satisfied. See Sabado v. Office of Personnel Management, 905 F.2d 387, 388 (Fed.Cir.1990) ("The Board has no authority under any law, rule, or regulation to waive substantive [CSRA] entitlement requirements and award an annuity on the essentially equitable grounds advanced by the appellant....").
 
 
 7
 For the reasons stated above, we affirm the decision of the Board.