Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3325

MARIANO A. ARENAL,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Mariano A.  Arenal, of Tanza, Cavite, Philippines, pro se.

Michael N. O'Connell, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director.  Of counsel on the brief was Paul St. Hillaire, Office of the General Counsel, Office of Personnel Management, of Washington, DC.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3325

MARIANO A. ARENAL,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0831070016-I-1.

_____

DECIDED:  February 8, 2008

_____

Before LOURIE, GAJARSA, and DYK, <u>Circuit Judges</u>.

PER CURIAM

## DECISION

Mariano A. Arenal appeals from the final decision of the Merit Systems Protection Board ("the Board") affirming the Office of Personnel Management's ("OPM") decision dismissing his appeal for benefits under the Civil Service Retirement Act ("CSRA"). <u>Arenal v. Office of Pers. Mgmt.</u>, SF-0831-16-0315-I-1 (M.S.P.B. July 17, 2007) ("<u>Final Decision</u>").  Because Arenal fails to identify any basis for reversal, we <u>affirm</u>.

## BACKGROUND

Arenal was employed as a laborer for the Department of the Navy at the Cavite Navy Yard in the Philippines from October 20, 1941 to December 8, 1945, and as a carpenter for the Public Works Department from May 29, 1946 to July 11, 1946. In addition, Arenal was employed as a rigger for Philippine Consolidated Shipyards from June 11, 1947 to June 17, 1948. In the 1980s, Arenal submitted an application to OPM for retirement benefits under the CSRA. He received an unfavorable decision and appealed to the Board. The Board determined that Arenal's service as a laborer and carpenter qualified as creditable service under the CSRA, but his employment as a rigger did not. The Board concluded that Arenal failed to establish that he was entitled to an annuity under the CSRA because he failed to meet the five-year requirement of creditable service under 5 U.S.C. §§ 8331(1) and 2105(a). We affirmed the Board's decision in Arenal v. Office of Personnel Management, 925 F.2d 1479 (1991) ("Arenal").

Arenal continued to contact OPM, inquiring about his entitlement to benefits. On April 19, 2001, OPM informed Arenal that "(1) it previously issued a reconsideration decision that addressed the information and request for CSRS benefits claimed by the appellant; (2) the Board and Federal Circuit previously issued decisions covering this information and request for CSRS benefits; and (3) OPM 'can no longer respond or reply to your correspondence[.]'" Arenal v. Office of Pers. Mgmt., SF-0831-16-0315-I-1 at 2 (M.S.P.B. Jan. 26, 2007) ("Initial Decision"). On October 3, 2006, Arenal appealed to the Board.

The Board ordered Arenal to show cause why his appeal should not be dismissed on grounds of res judicata in light of this court's earlier decision in Arenal. The government moved to dismiss the appeal and Arenal responded. On January 26,

2007-3325
-2-

2007, the Administrative Judge ("AJ") granted the government's motion. In doing so, the AJ noted that the parties did not dispute "that (1) the Board had jurisdiction to decide the prior appeal; (2) the judgment in the prior appeal was issued on the merits and became final; and (3) the same parties are involved in the prior appeal and the instant appeal and the same cause of action, the appellant's entitlement to CSRS annuity benefits, is at issue." Initial Decision at 3. Thus, the AJ stated that the issue on appeal was whether Arenal raised matters "that were or could have been raised in the prior action." Id.

The AJ addressed an affidavit of Gaudencio A. Alarca ("the Alarca affidavit"), which Arenal submitted and described as new and material evidence. The AJ concluded that the Alarca affidavit failed to establish that Arenal's service after July 11, 1946 was creditable service. The AJ further concluded that Arenal did not explain why the affidavit could not have been raised in the prior appeal, nor explain why the affidavit was unavailable prior to the issuance of the earlier decision, which was rendered "more than 40 years after the appellant rendered the service in question." Id. at 5. Thus, the AJ concluded that Arenal failed to show that the matters he raised in the instant appeal "could not have been raised in the prior action," and dismissed the appeal as barred by res judicata. Id.

Arenal filed a petition for review by the full Board, which it denied on July 17, 2007. The Board held that Arenal's claim was barred by res judicata and declined to reopen the previous appeal. The Board addressed Arenal's assertion that his first creditable service term actually began on February 11, 1941, rather than October 20, 1941, as previously found by the Board. The Board noted that Arenal submitted

2007-3325

-3-

evidence that would support that assertion, but the "additional months of service would not provide the appellant with the full 5 years of CSRS creditable service required by 5 U.S.C. § 8333(a)." Final Decision at 2-3. The Board concluded that there was no new evidence that was previously unavailable and that the AJ did not make any error in law that would affect the outcome of the case. Accordingly, the Board denied the petition for review.

Arenal timely appealed to this court. On December 28, 2007, Arenal filed an informal motion to supplement the record, which we granted on January 14, 2008. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

On appeal, Arenal argues that the Board erred by failing to reopen the earlier appeal. He asserts that the Board failed to consider his service as a rigger in the U.S. Army Forces Western Pacific, which purportedly took place between July 18, 1946 to June 10, 1947, prior to his employment at Philippine Consolidated Shipyards. He relies on the Alarca affidavit and other documents, including service records of Alarca, as proof of his employment in the U.S. Army. He contends that his service in the U.S. Army was not included in his original application for retirement benefits "due to absence

2007-3325

-4-

of supporting documents." Pet. Supp. Br. ¶ 2. According to Arenal, that additional period of service, if deemed creditable service, would allow him to meet the five-year requirement under the CSRS. In addition, Arenal argues that the Board erred in applying res judicata.

In response, the government argues that the Board properly declined to reopen the previous appeal based on its finding that Arenal failed to provide proof of creditable service after July 11, 1946 and that that finding is supported by substantial evidence. The government further argues that the Board correctly concluded that Arenal's appeal was barred under the doctrine of res judicata.

We agree with the government. With respect to Arenal's first argument, as we stated in our earlier Arenal decision:

> To be entitled to an annuity under the CSRA, Mr. Arenal must have completed five years of creditable service. 5 U.S.C. § 8333(a); Sabado v. Office of Pers. Mgmt., 905 F.2d 387, 388 (Fed. Cir. 1990). A federal employee must be appointed in the civil service by a qualified official. 5 U.S.C. § 2105(a). There must be a significant degree of formality surrounding the appointment. Horner v. Acosta, 803 F.2d 687, 692-93 (Fed. Cir. 1986). An official appointment form or other documentary evidence is generally required to prove such appointment. Id.; Goutos v. United States, 552 F.2d 922, 924 (Ct. Cl. 1976). The burden of proving his appointment is on the petitioner. See Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140-41 (Fed. Cir. 1986), cert. denied, 479 U.S. 1037 (1987).

Arenal, 925 F.2d 1479. Here, the newly submitted material is devoid of any evidence of an official appointment form or other documentary evidence sufficient to establish that Arenal was appointed in the civil service by a qualified official. Moreover, the Board found that the Alarca "affidavit does not claim, nor is it apparent[,] that the appellant's employment after July 11, 1946 was covered or creditable service under the CSRA." Initial Decision at 4. While the Alarca affidavit and service records provide some

2007-3325

support that Arenal was employed as a rigger, they fail to establish that that service qualifies as creditable service under the CSRA. Moreover, Arenal failed to show why these materials were not submitted in the earlier case. We thus conclude that substantial evidence supports the Board's determination not to reopen its decision that Arenal did not have creditable service after July 11, 1946.

With regard to Arenal's second argument, a petitioner may be barred by res judicata "if (1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." Carson v. Dep't of Energy, 398 F.3d 1369, 1375 (Fed. Cir. 2005). As discussed above, the Board found that all three criteria were satisfied and Arenal does not dispute those findings. To the extent Arenal asserts that the doctrine of res judicata was misapplied in light of the additional documents submitted in the instant appeal, viz., the Alarca affidavit and service records, the Board held that Arenal failed to demonstrate that those documents could not have been presented in the prior action, particularly in light of the fact that the events described in those documents occurred more than forty years prior to our earlier Arenal decision. Initial Decision at 5-6. We find the Board's conclusion to be supported by substantial evidence and not contrary to law. Accordingly, because Arenal fails to identify any reversible error, we affirm.

COSTS

No costs.

2007-3325

-6-