NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLES E. LEMONS,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2010-3146

---

Petition for review of the Merit Systems Protection Board in case No. DA831E060462-I-1.

---

Decided: January 12, 2011

---

CHARLES E. LEMONS, Dallas, Texas, pro se.

JEFFREY D. KLINGMAN, Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and ALAN J. LO RE, Assistant Director. Of counsel on the brief was Paul

N. St. Hillaire, Office of the General Counsel, Office of Personnel Management, of Washington, DC.

---

Before NEWMAN, LOURIE, and MOORE, *Circuit Judges.*

PER CURIAM.

Mr. Charles E. Lemons appeals the decision of the United States Merit System Protection Board (Board) denying his petition for review of the Board's affirmance of the Office of Personnel Management's (OPM's) denial of his disability retirement application. Because Mr. Lemons does not satisfy the five-year civilian service requirement of the Civil Service Retirement Act, 5 U.S.C. §§ 8331 *et seq.*, and because he filed his application more than one year after separation from federal civilian service, we *affirm.*

Mr. Lemons was employed by the Department of Veterans Affairs from August 5, 1973 until January 14, 1977, when he was separated after suffering a work-related back injury. Shortly after separation, Mr. Lemons applied for, and received, a refund of his retirement contributions. In 2004, Mr. Lemons applied for retirement under the Civil Service Retirement System. Because Mr. Lemons had already withdrawn his retirement contributions, OPM denied his request. Mr. Lemons subsequently wrote a letter to OPM "changing [his] request to Disability Retirement as of 3-1-1974." OPM denied his modified request, finding that Mr. Lemons did "not meet the criteria for entitlement to *any* type of retirement benefits from [OPM]" because he had less than five years of civilian service, had already received a refund of his contributions, and failed to file his application within one year of separation. Mr. Lemons asked for reconsideration and forwarded to OPM the Social Security Administration's

determination that he was disabled as of March 1, 1974. OPM reconsidered its previous decision and concluded that Mr. Lemons was "not eligible to file an application for any form of retirement benefit" for the same three reasons as before. Mr. Lemons appealed to the Board, alleging that he had 11 years, 6 months, and 15 days of total service, including his 7 years, 10 months, and 7 days of military service. In its initial decision, the Board found that, for the same three reasons, OPM appropriately denied Mr. Lemons' application for disability retirement.

Over three years later, Mr. Lemons filed a petition for review of the Board's initial decision accompanied by a service award from the Veterans Administration in appreciation of his ten years of total government service. In response to a letter from the Board noting, *inter alia*, that his request was untimely, Mr. Lemons asked the Board to waive the deadline for filing his petition. In its Final Order, the Board noted that "a question exists regarding the timeliness" of Mr. Lemons' petition, but proceeded to deny the petition on the merits. The Board found that Mr. Lemons' service award did not provide material evidence regarding his length of civilian service because it did not distinguish between his approximately three and one-half years of civilian service and his nearly eight years of military service. Thus, because Mr. Lemons had less than five years of civilian service, and because he failed to file for disability retirement within one year of separation, the Board denied the petition for review and sustained the initial decision. Lemons appeals, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

"[F]actual underpinnings of [OPM] disability determinations may not be judicially reviewed, but review is available to determine whether there has been a substantial departure from important procedural rights, a mis-

construction of the governing legislation, or some like error going to the heart of the administrative determination." *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791 (1985).

To receive disability retirement, Mr. Lemons must have five years of creditable federal civilian service. 5 U.S.C § 8337(a); 5 C.F.R. § 831.1203(a)(1); *Sabado v. Office of Pers. Mgmt.*, 905 F.2d 387, 388 (Fed. Cir. 1990). The Board found that Mr. Lemons completed only three and a half years of creditable civilian service, which falls short of this five-year requirement. Furthermore, Mr. Lemons was required by law to file his request for disability retirement within one year of his separation. 5 U.S.C. § 8337(b); 5 C.F.R. § 831.1203(a)(5). Because he filed his request nearly thirty years after his separation, the Board properly affirmed OPM's denial. For these reasons, we affirm the Board's decision.

In his appeal to this court, Mr. Lemons also states that he believes that he "was discriminated [against] based on [his] disability." Mr. Lemons does not elaborate further—he does not allege any adverse action resulting from discrimination. We decline to address this bare allegation in the first instance on appeal.

**AFFIRMED**

COSTS

No costs.