NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD ANTHONY WYEROSKI,**
*Petitioner,*

v.

**DEPARTMENT OF TRANSPORTATION,**
*Respondent.*

---

2011-3227

---

Petition for review of the Merit Systems Protection Board in case no. NY1221110059-W-1.

---

Decided: February 13, 2012

---

RICHARD A. WYEROSKI, of Bayport, New York, pro se.

SARAH A. MURRAY, Trial Attorney, Commercial Litigation Branch, Civil Division, United State Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DONALD E. KINNER, Assistant Director.

---

Before PROST, SCHALL, and REYNA, *Circuit Judges.*

PER CURIAM.

## DECISION

Richard A. Wyeroski petitions for review of the final decision of the Merit Systems Protection Board ("Board") that (1) dismissed his appeal as barred by the doctrine of *res judicata* and (2) denied his request to reopen his 2002 appeal of his removal by the Department of Transportation, Federal Aviation Administration ("FAA" or "agency"). *Wyeroski v. Dep't of Transp.*, No. NY-1221-11-0059-W-1 (M.S.P.B. Aug. 5, 2011) ("*Final Decision*"). We *affirm*.

## DISCUSSION

### I.

On December 4, 2002, Mr. Wyeroski timely appealed to the Board from the action of the FAA removing him from his position as a safety inspector. Subsequently, in June of 2003 following a three-day hearing, the administrative judge ("AJ") to whom the appeal was assigned sustained the agency's action and denied the appeal. *See Wyeroski v. Dep't of Transp.*, No. NY-0752-03-0080-I-1 (M.S.P.B. Jun. 3, 2003). On February 5, 2007, Mr. Wyeroski asked the Board to reopen the appeal regarding his removal. After the Board denied the request on the grounds, *inter alia*, that he had failed to come forward with newly discovered evidence justifying reopening, *Wyeroski v. Dep't of Transp.*, 106 M.S.P.R. 7 (2007), Mr. Wyeroski sought review from this court. We affirmed, concluding that, in denying the request to reopen, the Board had not abused its discretion. *Wyeroski v. Merit Sys. Prot. Bd.*, 253 Fed. App'x. 950 (Fed. Cir. 2007).

Three years later, on December 3, 2010, Mr. Wyeroski filed an individual right of action ("IRA") appeal with the Board after exhausting his administrative remedies with the Office of Special Counsel. On March 23, 2011, the AJ to whom the appeal was assigned dismissed the appeal on the grounds of *res judicata*. *Wyeroski v. Dep't of Transp.*, No. NY-1221-11-0059-W-1 (M.S.P.B. Mar. 23, 2011) ("*Initial Decision*"). The *Initial Decision* became the final decision of the Board on August 5, 2011, after the Board denied Mr. Wyeroski's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). *Final Decision* at 3. At the same time, the Board denied Mr. Wyeroski's concurrent request to reopen his original 2002 appeal based upon newly discovered evidence. *Id.* at 3-4. This petition for review followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir. 1998). Mr. Wyeroski raises two arguments on appeal. We address them in turn.

## A.

Mr. Wyeroski's first argument is that the Board erred in ruling that his IRA appeal was barred by the doctrine of *res judicata*. In making this argument, however, Mr. Wyeroski cites no authority; he simply asserts that *res judicata* does not apply.

The thrust of Mr. Wyeroski's IRA appeal was that when the FAA removed him from his position in 2002, it did so in retaliation for protected whistleblowing activity. In the *Initial Decision*, the AJ ruled that the appeal was barred by *res judicata* based upon the 2002 appeal. In his decision, the AJ relied upon *Ryan v. Dep't of the Air Force*, 113 M.S.P.R. 27 (2009). There, the Board cited to *Sabersky v. Dep't of Justice*, 91 M.S.P.R. 210 (2002), *aff'd* 61 Fed. Appx. 676 (Fed. Cir. 2003), which held that an employee who appeals his removal directly to the Board is barred by *res judicata* from bringing an IRA challenging the same removal because the whistleblowing claim could have been raised before the Board in the original appeal.

We see no error in the AJ's ruling dismissing Mr. Wyeroski's appeal on the ground of *res judicata*. The AJ's ruling is in line with *Ryan* and *Sabersky*, which are fully consistent with settled law. *See Spears v. Merit Sys. Prot. Bd.*, 766 F.2d 520, 523 (Fed. Cir. 1985) (holding that an employee who initially challenged removal on grounds other than discrimination was barred by *res judicata* from later challenging removal on discrimination grounds).

## B.

Mr. Wyeroski's second argument is that the Board erred in denying his request to reopen his 2002 removal appeal based upon what he alleges is new and material evidence. Pursuant to 5 C.F.R. § 1201.115(d), the Board may grant a petition for review when "[n]ew and material evidence is available that, despite due diligence, was not available when the record closed." Mr. Wyeroski states that the new evidence he has proves that "the FAA attorney lied in court[,] mislead [sic] the [AJ,] and committed fraud upon the court." Appellant Br. at ¶ 6. He further states that the new evidence shows that the FAA attorney "did not act properly and confused the [AJ]." *Id.*

In denying Mr. Wyeroski's request to reopen, the Board noted that its authority to reopen "is generally limited by the requirement that such authority be exercised within a reasonably short period of time, which is measured in weeks, not months or years." *Final Decision* at 3 (*citing McNeel v. Office of Pers. Mgmt.*, 113 M.S.P.R. 356, ¶ 16 (2010); *Arenal v. Office of Pers. Mgmt.*, 106 M.S.P.R. 272, ¶ 10 (2007), *aff'd*, 264 F. App'x 891 (Fed. Cir. 2008)). The Board also noted, however, that it could reopen a final decision after a longer interval of time "where the earlier decision was obtained by fraud, concealment, or misrepresentation by a party." *Id.* (*citing Hosey v. Interstate Commerce Comm'n*, 81 M.S.P.R. 122, ¶8 (1999)). The Board determined that, because Mr. Wyeroski was seeking to reopen his removal appeal seven years after it had been decided and because there was no evidence of fraud, the request was to be denied. *Id.* at 3-4.

Having reviewed the record before us, we are satisfied that the Board did not err in denying Mr. Wyeroski's request to reopen his 2002 removal appeal. Mr. Wyeroski has failed to demonstrate that the new evidence that he has proffered was not previously available to him, let alone that it was not available to him until long after his original appeal. In addition, the new evidence fails to demonstrate that the agency committed fraud when applying its policy at the time of Mr. Wyeroski's removal. As the Board noted, "[a] subsequent change in policy does not demonstrate that the agency acted fraudulently in applying then-current policy." *Id.* at 3.

For the foregoing reasons, the *Final Decision* is affirmed.

Each party shall bear its own costs.

*AFFIRMED*