**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| GARY SMITH,<br>             Appellant, | DOCKET NUMBER<br>AT-0432-13-0183-I-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE,<br>             Agency. | DATE: August 12, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Gary L. Printy</u>, Esquire, Tallahassee, Florida, for the appellant.

<u>Major Daniel J. Watson</u>, Eglin Air Force Base, Florida, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed the appeal with prejudice pursuant to the appellant's request. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

¶2          The appellant filed an initial appeal challenging his performance-based removal.    Initial Appeal File (IAF), Tab 1.    Other than a designation of representative form, IAF, Tab 7, the appellant filed nothing else before requesting that the appeal be dismissed without prejudice, IAF, Tab 13.    The agency objected, asserting that such a dismissal would unduly prejudice its ability to defend itself against the appellant's claims, citing the appellant's failure to respond to its discovery requests, the potential unavailability of witnesses, and its potential back pay liability.  IAF, Tab 14.  The agency subsequently filed a timely motion to compel discovery.  IAF, Tab 15; *see* 5 C.F.R. § 1201.72(d)(3).  The administrative judge then issued an order in which he noted the appellant's failure to file a prehearing submission, participate in the scheduled prehearing conference, and respond to the agency's discovery.    IAF, Tab 17.    The administrative judge ordered the appellant to correct his deficiencies and to show cause why he should not be sanctioned for his failure to comply with the Board's orders.  *Id.*  Also, citing both the agency's objection and the appellant's failure to state the basis for his request, the administrative judge denied the appellant's motion to dismiss the appeal without prejudice.    *Id.*    The appellant did not respond and instead filed a pleading titled notice of voluntary dismissal with prejudice.  IAF, Tab 18.  Once again, the appellant did not state the basis for his request.    *Id.*    Nevertheless, the administrative judge granted the appellant's request and dismissed the appeal with prejudice.  IAF, Tab 19, Initial Decision (ID).

¶3          The Board's regulations require that a petition for review must be filed within 35 days after the date of the issuance of the initial decision, or, if a party shows that he received the initial decision more than 5 days after it was issued, within 30 days after the receipt of the initial decision.  5 C.F.R. § 1201.114(e); *Via v. Office of Personnel Management*, 114 M.S.P.R. 632, ¶ 4 (2010).  The record shows that the appellant and his representative both registered as e-filers. IAF, Tabs 1, 7.  Registration as an e-filer constitutes consent to accept electronic

service of documents issued by the Board and the Board's regulations further provide that Board documents served on registered e-filers are deemed received on the date of electronic submission. 5 C.F.R. § 1201.14(e), (m)(2). The record reflects that the initial decision in this matter was transmitted to the appellant and his representative by electronic mail on February 28, 2013. ID at 7. The initial decision became the Board's final decision on April 4, 2013. ID at 2; 5 C.F.R. § 1201.113.

¶4        The appellant filed his petition for review on April 18, 2014. Petition for Review (PFR) File, Tab 1. Therefore, the appellant's petition for review was over 1 year late. 5 C.F.R. § 1201.114(e). The Board's regulations require that a late-filed petition for review be accompanied by a motion that shows good cause for the untimely filing along with a sworn affidavit which includes, among other things, a specific and detailed description of the circumstances causing the late filing. 5 C.F.R. § 1201.114(g). Because the appellant e-filed his petition for review, the online interview informed him that the finality date for his decision had passed and explained his burden to demonstrate good cause for his untimely filing. PFR File, Tab 1 at 3. The appellant therein discussed the procedural history of his removal and subsequent appeal, and he also described in detail why he wanted the Board to reopen his appeal and dismiss it without prejudice, but he failed to address the lateness of his petition for review, much less provide good cause for its untimely filing. *Id.* at 3-10.

¶5        Generally, the withdrawal of an appeal is an act of finality that has the effect of removing the appeal from the Board's jurisdiction, and, absent unusual circumstances such as misinformation or new and material evidence, neither of which the appellant raises herein, the Board will not reopen or reinstate an appeal once it has been withdrawn. *Pradier v. U.S. Postal Service*, 113 M.S.P.R. 495, ¶ 7 (2010). Where an appellant withdrew his appeal and then filed a timely petition for review of the initial decision dismissing the appeal as withdrawn, the Board will examine whether the withdrawal is voluntary. *Id.*, ¶ 9 n.1 (citing

*Lincoln v. U.S. Postal Service*, 113 M.S.P.R. 486, ¶ 7 (2010)). In this circumstance, however, the Board treats the appellant's untimely petition for review as a request to reopen his appeal. *See Lincoln*, 113 M.S.P.R. 486, ¶¶ 10, 13. The Board may reopen a case in the interests of justice but will only do so if the appellant has exercised due diligence in seeking reopening. *Page v. Department of Transportation*, 110 M.S.P.R. 492, ¶ 7 (2009). To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). Importantly, the Board's authority to reopen a case is limited by the requirement that such authority be exercised within a reasonably short period of time, which is usually measured in weeks, not months or years. *Arenal v. Office of Personnel Management*, 106 M.S.P.R. 272, ¶ 10 (2007), *aff'd*, 264 F. App'x 891 (Fed. Cir. 2008). As noted above, the appellant's request to reopen his case is over 1 year old and his failure to address that delay, much less establish good cause for it, does not exhibit the requisite diligence and effectively precludes the relief he seeks.

¶6        Lastly, we note that the initial decision did not inform the appellant of his mixed case appeal rights even though the appellant was affected by an action that is appealable to the Board and he alleged prohibited discrimination. *See Cunningham v. Department of the Army*, 119 M.S.P.R. 147, ¶ 14 (2013). We have therefore included proper notice of the appellant's further review rights here. *See Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 24 (2010).

¶7        Accordingly, we DISMISS the petition for review as untimely filed without good cause shown. This is the final decision of the Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's appeal.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with

the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                              _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.