NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3100

KARL R. DETRICH,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

Archibald J. Thomas, III, Thomas & Klink, of Jacksonville, Florida, argued for petitioner.

Steven M. Mager, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. On the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, Todd M. Hughes, Assistant Director, and Leslie Cayer Ohta, Attorney.

Appealed from: United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3100

KARL R. DETRICH,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

_____

DECIDED:    October 22, 2007

_____

Before NEWMAN, RADER, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Karl R. Detrich ("Detrich") was removed from his position with the Department of the Navy ("agency"), effective August 23, 2004, based on eight charges of misconduct. He appealed that removal to the Merit Systems Protection Board ("MSPB" or "Board"). After a hearing, the administrative judge ("AJ") sustained the removal, finding that the agency had proved seven of the eight charges by preponderant evidence, that Detrich had failed to establish the affirmative defense of reprisal, and that the penalty of removal was reasonable.  Detrich petitioned the full Board to review this initial decision. The Board denied review, and the AJ's decision became the decision of the Board. Detrich petitions for review in this Court, contending that the decision was not supported by substantial evidence and that the penalty of removal was so disproportionate as to constitute an abuse of discretion.

The seven charges sustained by the AJ against Detrich were: 1) failure to follow instructions and comply with deadlines by establishing himself as a Test Control Officer; 2) failure to follow instructions and comply with deadlines by selecting classroom furniture; 3) failure to follow instructions and comply with deadlines by meeting with the new librarian; 4) failure to follow instructions and comply with deadlines by submitting an annual marketing plan; 5) failure to follow instructions and comply with deadlines by completing a Standard Operating Procedure/Plan; 6) failure to follow instructions/inappropriate conduct for sending e-mails containing allegations of abusive treatment by management outside of the chain of command and in violation of an established e-mail policy; and 7) unauthorized absence.

According to Dennis Duck, the official who made the decision to remove Detrich, charge 6 was the only one that, taken individually, would be considered "very serious." J.A. at 265. Charge 6 was based at least in large part on an e-mail sent by Detrich on May 31, 2004,[1] to Jeffrey Wataoka, Director of the Human Resources Service Center for the Pacific region of the Department of the Navy. In this e-mail Detrich repeated two questions he had asked Mr. Wataoka in a previous e-mail, both regarding an alleged incident of abuse by one of Detrich's supervisors, and also included an additional allegation of abuse by his immediate supervisor. Because Mr. Wataoka was not in Detrich's chain of command, the AJ found that this e-mail violated the e-mail policy provided to Detrich by a memorandum on May 4, 2004, in which Detrich's immediate

---

[1] As the AJ recognized, the notice of proposed removal identified an e-mail of May 21, 2004, but it was "undisputed that there is no e-mail of that date in the record." J.A. at 20. Rather, the agency and Detrich agreed that the charge referred to a May 31, 2004, e-mail, which was in the agency record. The notice of proposed removal

supervisor stated, "I will remind you that we have a chain-of-command and that you should follow it by first addressing issues with me." Agency Exhibit 4o.

Charges 1 through 5 and charge 7 are all supported by substantial evidence. Charge 6 is supported by substantial evidence with regard to Detrich's violation of the e-mail policy. We have substantial doubt as to the validity of that policy under the Whistleblower Protection Act of 1989, Pub. L. No. 101-12, 103 Stat. 16 (codified in scattered sections of 5 U.S.C.) ("WPA"). The WPA does not permit an agency to discipline an employee for disclosing protected information merely because that information has been reported outside the chain of command. An agency cannot require that protected disclosures be made only to supervisory personnel. See Huffman v. Office of Pers. Mgmt., 263 F.3d 1341, 1351 (Fed. Cir. 2001). However, Detrich's counsel confirmed at oral argument that Detrich did not raise a WPA claim on appeal in this case.

Additionally, because the penalty of removal was not disproportionate to the charged offenses, the agency committed no abuse of discretion. Therefore we affirm. No costs.

---

erroneously stated that the e-mail was enclosed with that notice; however, the AJ found that this error was harmless.