NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**KARL R. DETRICH,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE NAVY,**
*Respondent.*

---

2011-3191

---

Petition for review of the Merit Systems Protection Board in case no. SF1221100980-W-1.

---

Decided: February 14, 2012

---

KARL R. DETRICH, Honolulu, Hawaii, pro se.

CHRISTOPHER L. KRAFCHEK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director.

---

Before DYK, MOORE, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Karl R. Detrich ("Detrich") petitions for review of a final order of the Merit Systems Protection Board ("Board"), which dismissed Detrich's individual right of action ("IRA") appeal as barred by res judicata. *Detrich v. Dep't of the Navy* ("*Final Order*"), No. SF-1221-10-0980-W-1 (M.S.P.B. May 23, 2011). We *affirm*.

BACKGROUND

Detrich was removed from his position at the Department of the Navy in 2004 based on eight charges of misconduct. One of these charges was as follows:

> Failure to follow instructions/inappropriate conduct – On 21 May 2004 you sent an email message . . . to Mr. Jeffrey Wataoka, Director of Human Resources Service Center (HRSC), Department of Navy, Pacific. . . . In the email you made allegations of abusive treatment by Management. This was done counter to the e-mail policy you were previously provided in writing . . . . I have also cautioned you by e-mail regarding the inappropriate remarks and accusations you continue to make outside your chain-of-command . . . .

Pet'r's App. 15. The Board sustained the removal as to seven of the charges, including this charge of inappropriate use of email, which was considered to be the most serious charge. *Detrich v. Dep't of the Navy*, 104 M.S.P.R. 126 (2006); *see also Detrich v. Dep't of the Navy*, No. SF-0752-04-0833-I-2, 2006 MSPB LEXIS 1612, at *28 (M.S.P.B. Apr. 12, 2006). The initial administrative judge decision noted that the actual date of the email to Jeffrey Wataoka was May 31, 2004, not May 21, 2004, but found

that the error was harmless. *Detrich*, 2006 MSPB LEXIS 1612, at \*20 n.6.

This court affirmed, finding all seven charges to be supported by substantial evidence. *Detrich v. Dep't of the Navy*, 251 F. App'x 679, 680-81 (Fed. Cir. 2007). We noted that the date error in the inappropriate-use-of-email charge was harmless. *Id.* at 680 n.1. However, we noted that the result might have been different had Detrich raised a defense under the Whistleblower Protection Act of 1989, Pub. L. No. 101-12, 103 Stat. 16 (codified in scattered sections of 5 U.S.C.) ("WPA"):

> We have substantial doubt as to the validity of [the email] policy under the [WPA]. The WPA does not permit an agency to discipline an employee for disclosing protected information merely because that information has been reported outside the chain of command. An agency cannot require that protected disclosures be made only to supervisory personnel. However, Detrich's counsel confirmed at oral argument that Detrich did not raise a WPA claim on appeal in this case.

*Detrich*, 251 F. App'x at 680-81 (citing *Huffman v. Office of Pers. Mgmt.*, 263 F.3d 1341, 1351 (Fed. Cir. 2001)).

In September 2010, Detrich filed an IRA appeal with the Board, seeking a remedy for his 2004 removal under the WPA. Detrich alleged that he was improperly removed from his position for reporting agency abuses by email to individuals other than his immediate supervisor. The administrative judge directed Detrich to show cause why the appeal should not be dismissed on grounds of res judicata. Detrich argued that the error in date caused him to not understand the charge, and that because the misidentified email was not identified until Detrich was being examined in the earlier hearing, he did not have the

opportunity to elicit testimony concerning this email, which hindered his ability to make a WPA claim. The administrative judge dismissed the appeal as barred by res judicata, finding that Detrich could not challenge the same removal action under a new legal theory. *Detrich v. Dep't of the Navy*, No. SF-1221-10-0908-W-1, slip op. at 6 (M.S.P.B. Nov. 29, 2010). The Board noted that the error in dates had been determined to be harmless in the earlier appeal, and agreed that Detrich could have raised a WPA defense in the earlier action. *Final Order*, No. SF-1221-10-0980-W-1, slip op. at 3. The Board denied Detrich's petition for review, making the decision of the administrative judge the final decision of the Board. *Id.* at 4.

Detrich timely petitioned for review. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

When reviewing Board decisions, we may only set aside agency actions, findings, or conclusions that we find to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Bennett v. Merit Sys. Prot. Bd.*, 635 F.3d 1215, 1218 (Fed. Cir. 2011). Whether a claim is barred by res judicata is a question of law reviewed de novo. *Phillips/May Corp. v. United States*, 524 F.3d 1264, 1267 (Fed. Cir. 2008).

"Under the doctrine of *res judicata* (or claim preclusion), '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003) (quoting *Federated Dep't Stores, Inc. v. Moitie*,

452 U.S. 394, 398 (1981)).  As long as the prior decision was rendered by a court with competent jurisdiction, *see Gillig v. Nike, Inc.*, 602 F.3d 1354, 1361 (Fed. Cir. 2010), res judicata applies when "(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first."  *Id.* (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)); *see Phillips/May*, 524 F.3d at 1268.

It is uncontested that the earlier judgment against Detrich involved identical parties and was in a court with competent jurisdiction.  The earlier case was also a final judgment "on the merits" because it was based on the parties' substantive arguments at the time, rather than dismissed on jurisdictional or other procedural grounds.

The only issue, then, is whether Detrich's WPA claim is based on the same set of transactional facts as the prior case.  Detrich argues that because of the typographic error in the inappropriate-use-of-email charge, his present claim is based on a different set of facts: "the set of facts that only became available to the appellant after the error in the charge was revealed."  Pet'r's Br. 8.  Newly discovered facts relating to a previously litigated claim may on rare occasions form the basis for a new claim, such as in the case of negligent misrepresentation by the other party.  *See Restatement (Second) of Judgments* § 26 cmt. j (1982).  Here, however, the error was discovered during the prior case, and the error was found to be harmless.  *See Detrich*, 251 F. App'x at 680 n.1.  Although Detrich argues that this error was not harmless because it prevented him from questioning witnesses about the email, this issue cannot be relitigated now.  Detrich's WPA claim is thus "based on the same, or nearly the same factual allegations" as the prior case—namely, the email he sent on May 31, 2004—which is sufficient to satisfy the "same

set of transactional facts" element. *Ammex*, 334 F.3d at 1056. Detrich's claim is barred by res judicata.

For the foregoing reasons, we affirm the decision of the Board.

COSTS

No costs.