FILED
**United States Court of Appeals**
**Tenth Circuit**

**May 22, 2015**

Elisabeth A. Shumaker
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FRED JOHNSON,

      Petitioner,

v.

DEPARTMENT OF VETERANS
AFFAIRS,

      Respondent.

No. 14-9619
(MSPB -1: DE-1221-14-0012-W-1)
(Merits Systems Protection Board)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **MCKAY**, and **BACHARACH**, Circuit Judges.
_____

This appeal involves the application of res judicata. The petitioner, Mr.
Fred Johnson, was fired by the Department of Veterans Affairs. He proceeded in
arbitration, unsuccessfully claiming that the firing involved retaliation for
submitting a claim to the Equal Employment Opportunity Commission. Years

_____

[*]    The parties have asked us to decide the appeal based on the briefs, and we
conclude that oral argument would not prove beneficial. *See* Fed. R. App. P.
34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have declined to require oral argument.

    Our order and judgment does not constitute binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.

later, Mr. Johnson submitted an administrative claim to the Merit Systems Protection Board, alleging retaliation for a different purpose (for reporting an altercation). The Board dismissed the claim on the ground of res judicata. Mr. Johnson appeals, requiring us to decide: Does res judicata preclude assertion of a claim that could have been brought in the arbitration proceedings? We conclude that res judicata applies in these circumstances. As a result, we affirm.

## I.      Standard of Review

We engage in de novo review over the Board's application of res judicata. *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005).

## II.     Res Judicata

The doctrine of res judicata prevents assertion of a claim that could have been brought in an earlier proceeding that culminated in the entry of a final judgment. *MACTEC, Inc.*, 427 F.3d at 831. Four elements exist:

1.      entry of a final judgment in the earlier proceedings,

2.      identity or privity of the parties in the two suits,

3.      identity of the cause of action in both suits, and

4.      a full and fair opportunity to litigate the claim in the earlier proceedings.

*In re Mersmann*, 505 F.3d 1033, 1049 (10th Cir. 2007); *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000).[1]

_____

[1]      We have sometimes stated that only three elements exist, recognizing an exception to res judicata when the claimant lacked a full and fair opportunity to

2

## III.    Application of Res Judicata

Engaging in this review, we conclude that the four elements are present.

The first element is satisfied because the earlier proceeding resulted in the entry of a final arbitration award. *See id.* ("As for finality, a valid and final award by arbitration generally has the same effect under the rules of res judicata as a judgment of a court.").

The second element is satisfied because Mr. Johnson and the Department of Veterans Affairs were parties in the two proceedings (the arbitration and administrative proceedings brought before the Merit Systems Protection Board).

The third element is satisfied because Mr. Johnson has brought the same cause of action in the two proceedings. In applying the third element, we apply a transactional approach. *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1335 (10th Cir. 1998). Under this approach, the earlier cause of action for retaliation included all claims or theories of recovery that had arisen from the same event. *Nwosun v. General Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997). Multiple claims arising from the same employment relationship constitute the same event. *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000). Under this test, the third element is satisfied because Mr. Johnson's

litigate the matter in the earlier proceedings. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 n.4 (10th Cir. 1999); *MACTEC, Inc.*, 427 F.3d at 831 n.6. Other times, we have referred to the "full and fair opportunity" as a fourth element of res judicata. *In re Mersmann*, 505 F.3d at 1049. The difference in approaches does not affect our decision.

claims in the two proceedings are based on the same event: his firing from the Department of Veterans Affairs.

The fourth element is satisfied because the arbitration provided a full and fair opportunity to hear his present claim. He denies that opportunity, presenting two arguments:

1.  His union did not allow members to arbitrate claims involving individual rights or whistleblower actions.

2.  He was not informed of all his available remedies after the firing.

We reject both arguments.

The first argument is unpreserved and invalid because the present claim could have been brought in arbitration.

In the administrative proceedings, Mr. Johnson did not question his prior opportunity to arbitrate a retaliation claim. Thus, the argument is forfeited. *See Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1239 (10th Cir. 2014). Ordinarily, we could consider whether the Board committed plain error. *See id.* But Mr. Johnson has not argued plain error. As a result, we decline to consider the possibility of plain error. *See Bishop v. Smith*, 760 F.3d 1070, 1095 (10th Cir.), *cert. denied*, __ U.S. __, 135 S. Ct. 271 (2014).

But Mr. Johnson's new argument would remain invalid even under de novo review. Individual employees are covered by a collective bargaining agreement between the union and the Department of Veterans Affairs. Under that agreement,

4

employees can submit a grievance regarding any matter relating to employment or misapplication of a law affecting the conditions of employment. Master Agreement, art. 42, § 2(A); *see Johnson v. Department of Veterans Affairs*, 625 F.3d 1373, 1376-77 (Fed. Cir. 2010) (holding that a letter, objecting to termination of employment, constituted a grievance under Article 42 of the collective bargaining agreement with the Department of Veterans Affairs). Thus, Mr. Johnson could have submitted a grievance if he believed he had been fired for reporting an altercation. In fact, the earlier arbitration included a grievance that his firing involved retaliation for filing a claim with the Equal Employment Opportunity Commission. R. at 237, 250, 371-73. Thus, Mr. Johnson could have included his present claim in the earlier arbitration.

Mr. Johnson argues that he could not file a separate action while he was in arbitration. Appellant's Opening Br. at 16, 19. This argument reflects confusion over the issue. Res judicata prevents Mr. Johnson from suing a second time on claims that he could have asserted in the proceedings being arbitrated, and nothing in the collective bargaining agreement would have prevented Mr. Johnson from combining his two retaliation claims (for submitting a claim to the Equal Employment Opportunity Commission and for reporting an altercation) in a single arbitration.

The second argument is that the agency failed to inform Mr. Johnson of all his available remedies after his firing. For the sake of argument, we can assume

5

that the Board did not tell Mr. Johnson that he could arbitrate his present retaliation claim. But even if the Board failed to disclose this remedy, it would not have prevented a full and fair opportunity for Mr. Johnson to litigate his present claim.

The fourth element is "focus[ed] on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." *Sil Flo, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1521 (10th Cir. 1990). Mr. Johnson has not argued that there were any procedural limitations in the arbitration proceeding and we see no reason to question the fairness of the proceeding. Under these circumstances, Mr. Johnson enjoyed a full and fair opportunity to litigate his present claim in the earlier proceedings even if the Board had not fully disclosed all available remedies. *See Kremer v. Chem. Constr. Corp.,* 456 U.S. 461, 480-81 (1982) (holding that res judicata applies unless "there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation").[2]

---

[2] Mr. Johnson argues that because he did not know about his available remedies, his election of remedies is not binding. Appellant's Opening Br. at 13. But our issue involves res judicata rather than election of remedies. Election of remedies was an issue in the Board proceedings, but not on appeal. *See* R. at 137. Here our issue involves res judicata, rather than election of remedies, and the claims are subject to res judicata even if Mr. Johnson did not know about his available remedies at the time of the earlier proceedings. *See W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 871-72 (9th Cir. 1992) ("Ignorance of a party does not . . . avoid the bar of res judicata unless the ignorance was caused by the misrepresentation or concealment of the opposing

Mr. Johnson also argues that the Board should have told him he could request corrective action by the Office of Special Counsel. Appellant's Opening Br. at 18-19. But this argument does not bear on any of the elements of res judicata.[3]

Because the four elements are satisfied, the doctrine of res judicata prevented Mr. Johnson from suing anew — notwithstanding the invocation of a new legal theory — after he had bypassed a full and fair opportunity to include the present claim in the arbitration.

Mr. Johnson argues in his reply that he was a good employee and should not have been fired. But this argument involves the merits rather than the applicability of res judicata. Because Mr. Johnson cannot avoid the doctrine of res judicata, we decline to reach the merits of the underlying retaliation claim.

The Merit Systems Protection Board applied res judicata, dismissing the suit based on satisfaction of the four elements. We agree with the Board; as a result, we affirm.

---

party."); *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986) (discussing the general rule that res judicata would remain applicable even when the plaintiff was unaware of his present claim at the time of the earlier proceedings).

[3]     Mr. Johnson ultimately did file a complaint with the Office of Special Counsel. R. at 1968. The Office of Special Counsel declined to investigate because Mr. Johnson had already filed a grievance over his firing. *Id.*

Entered for the Court


Robert E. Bacharach
Circuit Judge

8