**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| VICTORIA L. BAILEY, | DOCKET NUMBER |
| Appellant, | PH-1221-15-0181-W-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: September 20, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Victoria L. Bailey, Philadelphia, Pennsylvania, pro se.

Marcus S. Graham, Esquire, Pittsburgh, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal as barred by res judicata. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 On November 16, 2010, the agency proposed to remove the appellant for unacceptable performance. *Bailey v. Department of Veterans Affairs*, MSPB Docket No. PH-0432-11-0337-I-1, Initial Appeal File (0337 IAF), Tab 5, Subtab 4. On January 7, 2011, she filed an equal employment opportunity (EEO) complaint over the proposed action. *Bailey v. Department of Veterans Affairs*, MSPB Docket No. PH-1221-15-0181-W-1, Initial Appeal File (0181 IAF), Tab 11, Subtab 4. On January 31, 2011, the agency issued a decision to remove the appellant, effective February 4, 2011. 0337 IAF, Tab 5, Subtab 1. On February 22, 2011, the agency's Office of Resolution Management accepted for investigation the appellant's claim that her removal was proposed and effected due to discrimination based on race and national origin and in reprisal for her prior EEO activity. 0181 IAF, Tab 11, Subtab 5.

¶3 On March 1, 2011, the appellant filed a Board appeal challenging her removal. 0337 IAF, Tab 1, Tab 13 at 1-2. On July 26, 2011, the agency issued a Final Agency Decision (FAD) on the appellant's EEO complaint finding that she

failed to prove that she was discriminated against as alleged.[2]  0181 IAF, Tab 11, Subtab 6.  On August 17, 2011, based on written requests from the appellant and her attorney, 0337 IAF, Tabs 18-19, the administrative judge dismissed the appellant's appeal as withdrawn, 0337 IAF, Tab 20, Initial Decision (0337 ID) at 1-2, and that decision became the Board's final decision when neither party filed a petition for review.

¶4      On July 26, 2014, the appellant filed a complaint with the Office of Special Counsel (OSC) in which she alleged that she disclosed to the Equal Employment Opportunity Commission and to a congressman that her supervisor had manipulated data, and that in retaliation for that disclosure, the agency removed her.  0181 IAF, Tab 3.  On January 13, 2015, the appellant filed an IRA appeal with the Board,[3] 0181 IAF, Tab 1, and she requested a hearing, *id.* at 2.

¶5      During adjudication of the appeal, the administrative judge advised the parties that he construed the withdrawal of the appellant's first appeal to have been "with prejudice."  0181 IAF, Tab 24 at 2-3.  The administrative judge then set out the criteria for dismissing an appeal as barred by res judicata and directed the appellant to show cause why her current appeal should not be dismissed on that basis.  *Id.* at 3-4.  In her response, the appellant requested a hearing on the merits of her IRA appeal.  0181 IAF, Tab 24.

¶6      In an initial decision based on the written record, the administrative judge first found that the appellant filed her EEO complaint after the agency had proposed but had not yet effected her removal, that the agency subsequently notified her that it was accepting her complaint as an allegation of retaliation regarding the decision to remove her as well, that this occurred before she filed

---

[2] The appellant subsequently filed suit in the U.S. District Court for the Eastern District of Pennsylvania.  0181 IAF, Tab 11, Subtab 9.  It appears that the court dismissed the suit for failure to prosecute, and the U.S. Court of Appeals for the Third Circuit affirmed the dismissal.  *Id.*, Subtabs 10-11.

[3] According to the appellant, OSC issued her a closure letter on November 30, 2014. 0181 IAF, Tab 1 at 4.

her Board appeal, and that there was no indication that she objected to including the actual removal in the EEO complaint at that, or any other, time. 0181 IAF, Tab 25, Initial Decision (0181 ID) at 5. Despite the lack of evidence showing that the appellant amended her EEO complaint to include the actual removal action prior to filing her Board appeal, the administrative judge found, based on the totality of the circumstances, that, by their actions, the parties demonstrated that they considered the EEO complaint to include both the removal decision as well as the proposal to remove, and that therefore the appellant elected to pursue an EEO complaint of her removal prior to her first Board appeal. 0181 ID at 5-6. The administrative judge further found that, after issuance of the FAD, the appellant, who was represented by counsel, withdrew her Board appeal and several days later filed suit in U.S. District Court and that, in so doing, she made a knowing, informed election, noting that she did not challenge the administrative judge's initial decision dismissing her appeal, which stated that the withdrawal was an act of finality. 0337 ID at 1-2. The administrative judge concluded that the withdrawal of the appellant's Board appeal was "with prejudice," and that a dismissal on that basis is a final judgment on the merits for purposes of res judicata. 0181 ID at 7. Concluding that the other elements were also satisfied, the administrative judge dismissed the appellant's IRA appeal as barred by res judicata. 0181 ID at 1, 7-8.

¶7 The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 3.

¶8 Before addressing the dispositive issue in this matter, the applicability of the doctrine of res judicata, we clarify why the Board does not lack jurisdiction over this appeal under an election of remedies theory. An employee who has been subjected to an action that is appealable to the Board and alleges that she has been affected by a prohibited personnel practice other than a claim of discrimination under 5 U.S.C. § 2302(b)(1) may elect to pursue a remedy through one, and only one, of the following remedial processes: (1) an appeal to the

Board under 5 U.S.C. § 7701; (2) a grievance filed pursuant to the provisions of the negotiated grievance procedure; or (3) a complaint following the procedures for seeking corrective action from OSC under 5 U.S.C. §§ 1211-1222. *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 14 (2013); *see* 5 U.S.C. § 7121(g). For adverse actions appealable to the Board under chapters 43 and 75 of title 5, an employee's election of remedies under 5 U.S.C. § 7121(g) must be knowing and informed and, if it is not, it will not be binding upon the employee. *Agoranos*, 119 M.S.P.R. 498, ¶ 16.

¶9        On review, the appellant does not challenge the administrative judge's finding that she filed a Board appeal before she filed the complaint with OSC that led to the filing of this IRA appeal. However, the appellant's initial filing with the Board did not constitute a valid, informed election of remedies. *See id.* In its decision letter, the agency informed the appellant that she could appeal the removal action to the Board or grieve under the negotiated grievance procedures or file an EEO complaint, and that whichever was filed first would be considered an election by her to proceed in that manner. 0337 IAF, Tab 5, Subtab 1 at 2. As in *Agoranos*, the agency removed the appellant without notifying her of her right to file a request for corrective action with OSC under subchapters II and III of chapter 12 of title 5. It also did not notify her of the effect that filing under another provision would have on her right to file a complaint before OSC and an IRA appeal before the Board. Nothing in the record reflects that the appellant made a knowing and informed waiver of her right to file a complaint seeking corrective action from OSC and the Board. Therefore, the election requirement of 5 U.S.C. § 7121(g) does not prevent the Board from finding that it has jurisdiction over this appeal.[4] *Johnson v. Department of Veterans Affairs*, 121 M.S.P.R. 695, ¶¶ 6-7 (2014), *aff'd*, 611 F. App'x 496 (10th Cir. 2015).

---

[4] The agency's decision letter appears to have complied with the Board's regulations in effect at that time regarding notice of appeal rights to the Board. *See* 5 C.F.R. § 1201.21(d) (2011). Those regulations were amended in November 2012 to provide

¶10    However, even if a Board appeal is not barred by section 7121(g), it may be barred under the doctrine of res judicata. *Johnson*, 121 M.S.P.R. 695, ¶ 9; *Collins v. Department of Transportation*, 89 M.S.P.R. 582, ¶ 13 (2001). Under that doctrine, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Johnson*, 121 M.S.P.R. 695, ¶ 9. Thus, res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and applies if: (1) the prior judgment was rendered by a forum of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995).

¶11    The appellant has not shown error in the administrative judge's finding that the criteria for res judicata are met here. The first initial decision, a dismissal of the appellant's removal appeal as withdrawn, was issued by the Board, an adjudicatory body of competent jurisdiction. Although the appellant alleges on review that no hearing was held and that the merits of the removal action were not fully adjudicated, PFR File, Tab 1 at 6, 11, 15, that dismissal was nonetheless a final judgment on the merits for purposes of res judicata. *Brown v. Department of the Navy*, 102 M.S.P.R. 377, ¶ 10 (2006) (stating that dismissals with prejudice based on a withdrawal of an appeal generally are considered final decisions, and

that an agency that issues a decision notice to an employee on a matter appealable to the Board must provide the employee with, among other things, notice of any right to file a grievance or seek corrective action under subchapters II and III of 5 U.S.C. chapter 12. *See* 5 C.F.R. § 1201.21(d) (2013). Nevertheless, regardless of the nature of the notice the agency provided to the appellant, the choice of remedy provision of 5 U.S.C. § 7121(g) has been in effect since the 1994 amendments to the Whistleblower Protection Act. *See Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 12 (2013). The ultimate question is whether the appellant made a knowing and informed election. *See Agoranos*, 119 M.S.P.R. 498, ¶ 16. There is no indication that the appellant was aware, when she first elected to file a Board appeal, that she could instead have sought corrective action from OSC and the Board. *Johnson v. Department of Veterans Affairs*, 121 M.S.P.R. 695, ¶ 8 (2014), *aff'd*, 611 F. App'x 496 (10th Cir. 2015).

relitigating such appeals is barred by res judicata). In addition, notwithstanding the different theories of recovery arising from the appellant's removal, the same cause of action and the same parties were involved in both her initial appeal and her IRA appeal. Because res judicata precludes the appellant from relitigating issues that were, or could have been, raised in the prior action, *Johnson*, 121 M.S.P.R. 695, ¶ 9, the administrative judge properly dismissed this IRA appeal as barred under the doctrine of res judicata even though the appellant did not raise a whistleblower retaliation claim as an affirmative defense in her first appeal of her removal, because she could have raised that claim in her first appeal, *Zgonc v. Department of Defense*, 103 M.S.P.R. 666, ¶ 8 n.* (2006), *aff'd*, 230 F. App'x 967 (Fed. Cir. 2007).

¶12      On review, the appellant argues the merits of the removal action and her whistleblowing allegation. PFR File, Tab 1 at 1-3, 8-10. However those matters do not bear on the dispositive issue in this appeal, the dismissal of the appellant's appeal based on res judicata. Moreover, to the extent the appellant disputes the administrative judge's failure to convene a hearing in her first appeal, *id.* at 6, as noted, she failed to file a petition for review of that first initial decision. Therefore, we need not consider these claims.[5]

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[6]

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

---

[5] With her petition for review, the appellant has submitted several documents related to her 2011 EEO complaint. PFR File, Tab 1 at 19-22. These documents are neither new nor material, and therefore we have not considered them. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

[6] The initial decision did not afford the appellant notice of appeal rights under the Whistleblower Protection Enhancement Act of 2012. We have provided notice of such appeal rights herein.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other

courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.