**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2024 MSPB 15**

Docket No. DC-1221-22-0590-W-3

**Robert J. MacLean,**

**Appellant,**

**v.**

**Department of Homeland Security,**
**Agency.**

November 14, 2024

Robert J. MacLean, Leesburg, Virginia, pro se.

Christina Bui, Esquire, Springfield, Virginia, for the agency.

Kelleen O'Fallon, Esquire, Philadelphia, Pennsylvania, for the agency.

Daniel Collado, Esquire, White Plains, New York, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

**OPINION AND ORDER**

¶1 This matter is before the Board on interlocutory appeal from the April 2, 2024 Order of the administrative judge staying the proceedings in this individual right of action (IRA) appeal and certifying for Board review her finding that two of the appellant's whistleblower reprisal claims must be dismissed for adjudicatory efficiency because they concern the same personnel actions that are

at issue in the appellant's prior, still pending IRA appeal, even though the appellant asserts that those actions were based on different alleged acts of protected whistleblowing. For the reasons set forth below, we FIND that the doctrines of res judicata and adjudicatory efficiency may bar an appellant from raising new theories of whistleblower reprisal regarding personnel actions that were the subject of an earlier IRA appeal. We AFFIRM the administrative judge's dismissal of one of the appellant's whistleblower reprisal claims, but we VACATE the dismissal of the other claim at issue in this interlocutory appeal. We TERMINATE the administrative judge's order staying the proceedings and RETURN the appeal to the administrative judge for further adjudication consistent with this Opinion and Order.

## BACKGROUND

¶2    The appellant was a Federal Air Marshal with the agency. *MacLean v. Department of Homeland Security*, MSPB Docket No. SF-0752-06-0611-M-1, Redacted Initial Decision at 1 (Nov. 3, 2015). The agency removed the appellant in 2006, and, after a successful IRA appeal, he was reinstated to the agency in 2015. *Id.* at 1-2, 10; *MacLean v. Department of Homeland Security*, MSPB Docket No. SF-0752-06-0611-C-1, Compliance File, Tab 9 at 26-27. On March 21, 2019, the agency again removed the appellant from Federal service for misconduct. *MacLean v. Department of Homeland Security*, MSPB Docket No. DC-1221-20-0235-W-2, Redacted Initial Decision (0235 ID) at 106 (Feb. 7, 2023). On December 16, 2019, he filed an IRA appeal (2019 IRA) with the Board asserting whistleblower reprisal in connection with his 2019 removal and other personnel actions. *Id.* at 1 & n.1, 6. The alleged retaliatory personnel actions included nonselections for two lateral reassignments, an order to undergo a fitness-for-duty evaluation, and a hostile work environment. *Id.* at 6.

¶3    While the 2019 IRA appeal was pending before an administrative judge, the appellant filed the instant IRA appeal in August 2022. *MacLean v. Department of*

*Homeland Security*, MSPB Docket No. DC-1221-22-0590-W-1, Initial Appeal File (IAF), Tab 1. The administrative judge dismissed the appeal without prejudice twice pending a decision in the appellant's 2019 IRA appeal. *MacLean v. Department of Homeland Security*, MSPB Docket No. DC-1221-22-0590-W-3, Appeal File (W-3 AF), Tab 44 at 2. On February 7, 2023, the administrative judge issued an initial decision in the 0235 appeal, wherein she denied corrective action on the merits. 0235 ID at 2, 216. The appellant filed a timely petition for review of the 0235 initial decision, which is currently pending before the Board. *MacLean v. Department of Homeland Security*, MSPB Docket No. DC-1221-20-0235-W-2, Petition for Review File, Tab 7.

¶4       On April 6, 2023, the appellant refiled the instant appeal. W-3 AF, Tab 1. The agency moved to dismiss based on the doctrines of res judicata and/or adjudicatory efficiency, asserting that the appellant is seeking to relitigate matters that were, or could have been, raised in his 2019 IRA appeal. IAF, Tab 20; W-3 AF, Tab 13. The appellant filed several pleadings in response, wherein he asserted, among other things, that he had new evidence. *E.g.*, W-3 AF, Tabs 14-16, Tab 31 at 4-5, Tab 50 at 3, 7, 13, 15. The administrative judge issued an order finding that the appellant nonfrivolously alleged that he made several protected disclosures, engaged in protected activity, and was subjected to personnel actions. W-3 AF, Tab 24 at 6-20. As relevant here, the administrative judge dismissed the appellant's claims regarding two of the alleged personnel actions, identified as items (a) and (j), based on adjudicatory efficiency. *Id.* at 20-21. She found that those personnel actions, nonselections for certain positions in 2015, and the forcing of the appellant to use 2 months of sick leave for a fitness-for-duty evaluation in 2017, were previously litigated in the 2019 IRA appeal. *Id.* at 8-9, 20-21. The administrative judge concluded that the appellant was precluded from pursuing a second IRA appeal regarding those actions, although he was now alleging that they were based on additional alleged disclosures and activity that were not before the Board in the 2019 IRA appeal.

*Id.* at 21. Finally, the administrative judge stated that she was unable to make a determination regarding the contributing factor element because of the limited information provided by the appellant, and she ordered him to provide further evidence and argument in that regard. *Id.* at 21-23. The appellant and the agency responded to the administrative judge's order on jurisdiction. W-3 AF, Tabs 26-27, 30-31.

¶5 The administrative judge later issued another order on jurisdiction, wherein she concluded that the appellant satisfied the contributing factor criterion at the jurisdictional stage as to some of the alleged personnel actions. W-3 AF, Tab 34 at 6-10. The administrative judge granted, in part, and denied, in part, the appellant's request for reconsideration of certain jurisdictional rulings and denied the agency's request for reconsideration of certain rulings on res judicata. *Id.* at 2-6.

¶6 Thereafter, both parties requested certification of interlocutory appeals on different issues, which the administrative judge denied. W-3 AF, Tab 44 at 4-8. Sua sponte, the administrative judge certified for interlocutory appeal her ruling that the claims concerning personnel actions (a) and (j) must be dismissed based on adjudicatory efficiency. *Id.* at 9-10; *see* 5 C.F.R. § 1201.91. She explained that the issue involved an important question of law or policy about which there is a substantial ground for difference of opinion and that an immediate ruling would advance the overall efficient processing of the case given the scale of the litigation. W-3 AF, Tab 44 at 9-10.

## ANALYSIS

¶7 An administrative judge will certify a ruling for review on interlocutory appeal only if the record shows the following: (a) the ruling involves an important question of law or policy about which there is substantial ground for difference of opinion; and (b) an immediate ruling will materially advance the completion of the proceeding, or the denial of an immediate ruling will cause

undue harm to a party or the public. 5 C.F.R. § 1201.92. We find that the administrative judge applied these criteria and did not abuse her discretion in certifying this interlocutory appeal.

¶8       The legal issue presented on interlocutory appeal is whether the doctrines of res judicata or adjudicatory efficiency may bar a second IRA appeal following an earlier IRA appeal regarding the same personnel actions but based on different protected disclosures or activity. We find that these doctrines may bar multiple IRA appeals in such circumstances. Although res judicata and adjudicatory efficiency are distinct concepts, they are related here, and we discuss both in this Opinion and Order.

¶9       Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995). The doctrine precludes the parties from relitigating issues that were, or could have been, raised in the prior action, *id.*; *accord Stearn v. Department of the Navy*, 280 F.3d 1376, 1380 (Fed. Cir. 2002), and will be applied if the following elements are met: (1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases, *Ryan v. Department of the Air Force*, 113 M.S.P.R. 27, ¶ 11 (2009); *accord Carson v. Department of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005). Res judicata serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

¶10      Because res judicata requires a final decision on the merits, the doctrine will not apply if the prior decision has not yet become final. For example, when an appellant files an appeal that raises claims raised in an earlier appeal after the initial decision in the earlier appeal has been issued but before the full Board has

acted on the appellant's petition for review, it is appropriate to dismiss the subsequent appeal on the grounds of adjudicatory efficiency, but not based on the grounds of res judicata. *Zgonc v. Department of Defense*, 103 M.S.P.R. 666, ¶ 6 (2006), *aff'd*, 230 F. App'x 967 (Fed. Cir. 2007).

¶11     The material issue in this appeal is whether the appellant's two IRA appeals involve the same causes of action. The Board's regulations define the issue before the Board in an IRA appeal, or the cause of action, as whether the appellant has demonstrated that whistleblowing or other protected activity was a contributing factor in one or more covered personnel actions and, if so, whether the agency has demonstrated by clear and convincing evidence that it would have taken the same personnel action(s) in the absence of such whistleblowing or protected activity. 5 C.F.R. § 1209.2(c). This is consistent with our case law, which has defined a cause of action as a set of facts giving the appellant the right to seek relief from an agency. *Jennings v. Social Security Administration*, 123 M.S.P.R. 577, ¶ 25 (2016); *Navarro v. Office of Personnel Management*, 105 M.S.P.R. 278, ¶ 4, *aff'd*, 252 F. App'x 316 (Fed. Cir. 2007). An appellant may seek relief from the Board in an IRA appeal, also referred to as corrective action, "with respect to any personnel action taken, or proposed to be taken . . . as a result of a prohibited personnel practice" as described in 5 U.S.C. § 2302(b)(8) or 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). 5 U.S.C. § 1221(a). Thus, both statute and the Board's regulations support a finding that the cause of action in an IRA appeal is the personnel action.

¶12     The concept that the cause of action in an IRA appeal is centered around the personnel action is also supported by our case law. It is well settled that an employee who appeals his or her removal directly to the Board is precluded from later filing an IRA appeal challenging the same removal action, i.e., the same personnel action. *Ryan*, 113 M.S.P.R. 27, ¶ 13; *Page v. Department of the Navy*, 101 M.S.P.R. 513, ¶ 2 n.1 (2006); *Sabersky v. Department of Justice*, 91 M.S.P.R. 210, ¶¶ 7-8 (2002), *aff'd*, 61 F. App'x 676 (Fed. Cir. 2003). This is because the

employee could have raised a whistleblower reprisal defense in the original appeal. *Sabersky*, 91 M.S.P.R. 210, ¶¶ 7-8. The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) has endorsed this concept. In a nonprecedential decision[1] in *Wyeroski v. Department of Transportation*, the Federal Circuit stated that the preclusion of the appellant's IRA appeal by res judicata based on his prior removal appeal pursuant to chapter 75 was "in line" with the Board's decisions in *Sabersky*, 91 M.S.P.R. 210, and *Ryan*, 113 M.S.P.R. 27, and "fully consistent with settled law." *Wyeroski v. Department of Transportation*, 465 F. App'x 956, 957 (Fed. Cir. 2012) (citing *Spears v. Merit Systems Protection Board*, 766 F.2d 520, 523 (Fed. Cir. 1985)). The U.S. Court of Appeals for the Tenth Circuit held in a nonprecedential decision that res judicata barred an appellant's IRA appeal against his employing agency concerning his separation because, even though he did not, he could have raised a whistleblower reprisal claim in his prior arbitration of that same agency action.[2] *Johnson v. Department of Veterans Affairs*, 611 F. App'x 496, 497-99 (10th Cir. 2015). The court explained that the cases involved the same cause of action because the two proceedings were based on the same event, i.e., the employee's separation from the agency. *Id.* at 498.

¶13     An appellant may not circumvent res judicata's bar on filing multiple appeals challenging the same personnel action by asserting that his claims are based on different legal theories. This is true "even though 'the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different

---

[1] The Board may follow nonprecedential decisions of the Federal Circuit that it finds persuasive, as we do here. *See, e.g.*, *Dean v. Office of Personnel Management*, 115 M.S.P.R. 157, ¶ 14 (2010).

[2] The All Circuit Review Act, signed into law on July 7, 2018, allows appellants to file petitions for judicial review of Board decisions in certain whistleblower reprisal cases with the Federal Circuit or any other circuit court of appeals of competent jurisdiction. Pub. L. No. . 115-195, 132 Stat. 1510. There are no precedential decisions in any circuit court of appeals addressing the precise issues in this interlocutory appeal.

kinds of relief.'" *Resource Investments, Inc. v. United States*, 785 F.3d 660, 667 (Fed. Cir. 2015) (citation omitted); *see also Sabersky*, 91 M.S.P.R. 210, ¶ 8 (holding that the final order rendered by the Board after the appellant's first appeal precluded the appellant from challenging the same personnel action in a new appeal under a new legal theory); *Garduque v. Office of Personnel Management*, 84 M.S.P.R. 300, ¶ 2 (1999) (holding that the petitioners were not entitled to return to the Board on the basis that they had developed a new theory of their cases). In finding that an appellant is barred from challenging the same personnel action in serial IRA appeals based on a different legal theory, the Board has addressed in a nonprecedential order facts similar to the ones here. In *Ryan v. Department of the Air Force*, MSPB Docket No. DA-1221-11-0239-W-1, Final Order at 4-6 (Mar. 25, 2013), the Board held that the doctrine of adjudicatory efficiency, and the related doctrine of res judicata, precluded the appellant from challenging, in a second IRA appeal, the same personnel actions that were the subject of a prior IRA appeal, despite the appellant's assertion that he was challenging the personnel actions under a new legal theory.

¶14    We note that res judicata would not bar an appellant in a second IRA appeal from alleging that different personnel actions were taken in retaliation for protected disclosures that were raised in a prior IRA appeal. *Groseclose v. Department of the Navy*, 111 M.S.P.R. 194, ¶ 29 (2009) (finding that the appellant was not barred from alleging that new personnel actions were taken in retaliation for alleged protected disclosures raised in his prior IRA appeal). In that situation, the cause of action would not be the same because the appeals involve different personnel actions. *See Inman v. Department of Veterans Affairs*, 115 M.S.P.R. 41, ¶¶ 14-15 (2010) (finding that a prior IRA appeal concerning a nonselection did not bar a later IRA appeal concerning performance evaluations because the later appeal concerned a different cause of action). These cases further support the concept that the cause of action is tied to the personnel action, rather than the alleged protected disclosures or activity.

¶15     We hold that the doctrines of res judicata and adjudicatory efficiency may bar a second IRA appeal raising whistleblower reprisal claims involving the same personnel actions that were the subject of a prior IRA appeal.  Our holding promotes the general purposes of res judicata, which are to relieve parties of the cost and vexation of multiple appeals, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.  *Allen*, 449 U.S. at 94; *Peartree*, 66 M.S.P.R. at 336-37.  To find otherwise would allow appellants to continue to challenge, in serial IRA appeals, the same cause of action based on different legal theories, in violation of our well-established precedent.  *See Sabersky*, 91 M.S.P.R. 210, ¶ 8; *Garduque*, 84 M.S.P.R. 300, ¶ 2.

¶16     We briefly discuss three other matters.  First, in the administrative judge's order certifying an interlocutory appeal, W-3 AF, Tab 44 at 9, she appears to question whether a separate opinion by then-Member Slavet in *Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, 313-14 & n.6 (2002), is consistent with the Board's decision in *Sabersky*.  We find no such inconsistency with *Sabersky* or any other case discussed in this decision, and, in any event, that separate opinion is not binding on the Board.

¶17     Second, the appellant has made various claims about new evidence.  *E.g.*, W-3 AF, Tab 14 at 5-16, Tab 15, Tab 50 at 3, 7, 13, 15.  The Board and the Federal Circuit have generally rejected claims that purported new evidence should defeat the preclusion of a subsequent appeal based on res judicata.  *See, e.g.*, *Francisco v. Office of Personnel Management*, 80 M.S.P.R. 684, 686-88 (1999) (finding that the petitioners' appeal was barred by res judicata and denying their request to reopen the prior appeal based on new evidence).  The Federal Circuit has explained that newly discovered facts relating to a previously litigated claim form the basis of a new claim only on rare occasions, such as in the case of negligent misrepresentation by the other party.  *Detrich v. Department of the Navy,* 463 F. App'x 934, 936 (Fed. Cir. 2012) (citing Restatement (Second) of Judgments § 26 cmt. J (1982)); *see also SynQor, Inc. v. Vicor Corp.*, 988 F.3d

1341, 1355 (Fed. Cir. 2021) (explaining that collateral estoppel applies even if new evidence exists and that an unsuccessful litigant "does not get a second bite at the apple" based on the discovery of new and arguably more persuasive evidence or witnesses). Even considering this potential exception, however, the court in *Detrich* explained that, when the newly discovered facts were revealed during the pendency of the prior case, such purported new evidence was insufficient to defeat a finding that the employee's subsequent appeal was barred by res judicata. *Detrich*, 463 F. App'x at 936. We find the court's reasoning to be persuasive. Here, the appellant's 2019 IRA appeal, in which he is represented by counsel, is still pending before the Board. In fact, at the time he filed this appeal, the administrative judge had not yet issued an initial decision in the 2019 IRA appeal. Under these circumstances, any purported new evidence pertaining to the claims raised in the appellant's 2019 IRA appeal are insufficient to defeat a finding that adjudicatory efficiency or res judicata should preclude this appeal.[3] *See id.*; *see also Francisco*, 80 M.S.P.R. at 686-88 (finding that the petitioners' alleged new evidence did not preclude a dismissal for res judicata when, among other things, the petitioners did not show that such evidence was unavailable during the prior proceedings).

¶18    Third, the parties have requested permission to file briefs addressing the question presented on interlocutory appeal. W-3 AF, Tabs 45, 50. We find that briefing of the issue is not necessary, and we therefore deny the parties' requests.[4]

---

[3] It is unclear which, if any, of the purported new evidence the appellant is alleging pertains to the claims dismissed by the administrative judge for adjudicatory efficiency. Although the appellant repeatedly references the charges leading to his 2019 removal, that claim is not at issue in this appeal and therefore is not relevant to the issue of claim preclusion. *E.g.*, W-3 AF, Tabs 14-15, Tab 16 at 4-8, Tab 50 at 3-4, 13.

[4] Since the certification of interlocutory appeal, the parties have filed various motions and responses thereto. Any motions not decided in this Opinion and Order or in the order dated May 1, 2024, issued by the Clerk of the Board, should be considered and decided by the administrative judge. Future submission of all motions and evidence must comply with all applicable orders issued by the administrative judge.

¶19    Based on the above analysis, we find no error in the administrative judge's dismissal of the appellant's claim regarding personnel action (j) based on adjudicatory efficiency because the claim was or could have been brought in a prior proceeding. It is not clear which nonselections the appellant is challenging as part of personnel action (a). W-3 AF, Tab 24 at 8, 21 & n.10. After the case is returned to the administrative judge for adjudication, the appellant should clarify the vacancy numbers of the nonselections he is challenging as part of his whistleblower reprisal claim concerning personnel action (a). The administrative judge should then determine whether personnel action (a) may be dismissed based on adjudicatory efficiency or on any other basis.

ORDER

¶20    Accordingly, we terminate the order that stayed the proceedings of this matter, and we return the appeal to the regional office for further adjudication consistent with this Opinion and Order.

_____
Gina K. Grippando
Gina K. Grippando
Clerk of the Board
Washington, D.C.